SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MATTHEW A. TOBIAS, Cal Bar No. 271291
mtobias@sheppard.com
WHITNEY WILLIAMS, Cal Bar No. 335384
wwilliams@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for NIKE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LEMARQUAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC. an Oregon corporation, authorized to transact business in California; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT NIKE, INC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>(Sonoma County Superior Court, Case No. 26CV03016)<br><br>*[Filed concurrently with: Declaration of Matthew A. Tobias; Declaration of Mary I. Hunter; Certification of Interested Parties; Corporate Disclosure Statement; and Civil Case Cover Sheet]*<br><br>Complaint Filed: May 8, 2026<br>Trial Date: None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant NIKE, Inc. ("Defendant"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Sonoma, to the United States District Court for the Northern District of California. This Court has diversity jurisdiction over Plaintiff Andrew LeMarQuand's ("Plaintiff") lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity between Defendant and Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. BACKGROUND AND PLEADINGS

1. On April 28, 2026, Plaintiff filed his underlying lawsuit against Defendant in the Superior Court of the State of California, County of Sonoma, Case No. 26CV03016 (the "Complaint"). In the Complaint, Plaintiff alleges the following claims for relief against Defendant: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) harassment in violation of the FEHA; (3) failure to prevent harassment, discrimination, or retaliation in violation of the FEHA; (4) retaliation in violation of the FEHA; (5) retaliation for whistleblowing in violation of Labor Code section 1102.5; (6) wrongful termination in violation of public policy; (7) failure to provide reasonable accommodation in violation of the FEHA; (8) failure to engage in the interactive process in violation of the FEHA; (9) discrimination against a member of military in violation of Military and Veterans Code section 394; (10) unfair competition in violation of Business & Professions Code section 17200; (11) intentional infliction of emotional distress; (12) negligent infliction of emotional distress; and (13) failure to produce records. (Complaint, attached as Ex. A to Declaration of Matthew A. Tobias ("Tobias Decl."))

2. On May 19, 2026, Plaintiff sent the Summons, Complaint, and other accompanying documents via a Notice and Acknowledgment of Receipt on Defendant through Plaintiff's counsel. (Tobias Decl., ¶¶ 2-3, Exs. A-B.)

3. On June 8, 2026, service of the Summons and Complaint on Defendant became effective through Defendant's counsel's signing and returning the Notice and Acknowledgment of Receipt to Plaintiff's counsel. (Tobias Decl., ¶ 3, Ex. B.)

4. On July 6, 2026, Defendant filed its Answer to Plaintiff's Complaint in state court and served its Answer on Plaintiff's counsel. (Tobias Decl., ¶ 4, Ex. C.)

5. Exhibits A, B, and C mentioned above constitute all prior pleadings and documents served and filed in the state court in this matter. (Tobias Decl., ¶ 4.)

## II. <u>THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER</u>

6. This Court's subject-matter jurisdiction is based upon diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions between citizens of different states or citizens of a state and citizens of a foreign state where the amount in controversy exceeds the sum or value of $75,000. This civil action involves citizens of different states, and the amount in controversy exceeds $75,000.

### A. <u>The Parties Are Completely Diverse</u>

#### a. <u>Plaintiff Is A Citizen of California</u>

7. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090. Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520. Here, Defendant is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. Throughout the duration of his employment with Defendant, and at all time relevant herein, including as of the

filing of this lawsuit, Plaintiff was a resident of California. (Complaint, ¶ 1.) ("Plaintiff Andrew LeMarQuand ("Plaintiff") is now, and at all times relevant herein was, an individual resident of Sonoma County in the State of California.") Plaintiff therefore is, and was at the initiation of this civil action, a citizen of California.

**b. <u>Defendant Is A Citizen of Oregon</u>**

8. Defendant is a citizen of Oregon. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend* (2010) 130 S. Ct. 1181, 1186. The relevant considerations under the "nerve center" test include the following: (a) where the directors and stockholders meet; (b) where the executives live and have their offices; (c) where the administrative and financial offices are located and the records kept; (d) where the corporate income tax return is filed; (e) where the "home office" is located; and (f) where day-to-day control of the business is exercised. *Unger v. Del E. Webb Corp.* (N.D. Cal. 1964) 233 F. Supp. 713, 716.

9. Defendant is a corporation organized under the laws of Oregon. (Declaration of Mary Hunter ("Hunter Decl."), ¶ 2.) Defendant's principal place of business is located in Oregon as well. (Hunter Decl., ¶ 3.) The corporate headquarters in Oregon is the actual center of direction, control, and coordination of all major human resources, payroll, and administrative functions for Defendant. (*Id.*) The respective officers for these departments work in Oregon and are responsible for developing policies and protocols for Defendant's operations. (*Id.*) Defendant's corporate headquarters and nerve center were, at the time of filing of the state court action, and remain to date, located in Oregon. As such, Defendant is a citizen of only the State of Oregon.

**c. <u>The Citizenship Of The Doe Defendants Must Be Disregarded</u>**

10. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213 (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

**B. <u>The Amount In Controversy Exceeds $75,000</u>**

11. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 135 S.Ct. 547, 554. Defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.* (N.D. Cal. 1998) 994 F.Supp. 1196, 1198. Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F.Supp. at 1198. To determine if the amount in controversy requirement is met, the court looks to the amount demanded by the plaintiff in the Complaint. <u>Adkins v. J.B. Hunt Transp., Inc.</u>, 293 F. Supp. 3d 1140, 1144 (E.D. Cal. 2018). In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*. Therefore, Defendant needs to show only that there is "a reasonable probability that the stakes exceed" $75,000. *See*

*Brill v. Countrywide Home Loans, Inc.* (7th Cir. 2005) 427 F.3d 446, 449. Defendant need not provide this Court with "proof" or "evidence" that Plaintiff actually will recover more than $75,000; rather, removal is proper so long as the amount in controversy can be met. *See Brill*, 427 F.3d at 448-49.

13. The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain* (9th Cir. 2005) 400 F.3d 659, 662. Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.* (9th Cir. 2010) 627 F.3d 395, 400 (emphasis added). "In assessing the estimated amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001. The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp.* (S.D. Cal. 2005) 408 F. Supp. 2d 982, 986.

14. Here, by his own Complaint, Plaintiff prays for specific dollar amounts for twelve of thirteen causes of action that each exceed $75,000. Specifically, Plaintiff requests "general and special damages in an amount to be proven at trial, but no less than $5,000,000." (Prayer for Relief, ¶¶ 1(a), 2(a), 3(a), 4(a), 5(a), 6(a), 7(a), 8(a), 9(a), 10(a), 11(a), 12(a)). Plaintiff has therefore placed the amount in controversy squarely on the face of the Complaint.

15. Even if Plaintiff's allegation of the amount in controversy was not facially more than $75,000, the amount in controversy is nonetheless met, assuming Plaintiff's suit is successful. *See Jackson v. American Bankers Ins. Co.* (S.D. Ala. 1997) 976 F.Supp. 1450, 1454 ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all

claims made in the complaint"); *Kenneth Rothschild Trust*, 199 F.Supp.2d at 1001 (amount in controversy is based on assumption that plaintiff prevails on all claims).

16. Superficially, Plaintiff seeks the following:

(a) **Back Pay and Benefits:** Plaintiff alleges various claims under the FEHA, including claims of harassment, discrimination, retaliation, and failure to prevent harassment and discrimination, claims under the Labor Code, claims under Military & Veterans Code, claims in violation of California Business & Professions Code, and wrongful termination in violation of public policy. (*See generally* Complaint) If these claims are successful, Plaintiff would be entitled to an award of back pay. *See Parker v. Twentieth Century–Fox Film Corp.* (1970) 3 Cal.3d 176, 181 (prevailing plaintiffs in employment termination case are generally entitled to back pay in the amount that they would have received but for the termination, less sums obtained through mitigation). Plaintiff makes no allegation in his Complaint that he has found other work or any work that pays the same compensation that he previously received at Defendant. Rather, Plaintiff alleges he "has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities, and other out-of-pocket expenses." (Compl., ¶¶ 58, 76, 90, 104, 123, 137, 150, 165.) While Plaintiff did not provide a specific dollar amount for these claims, assuming that this matter is resolved by trial in 12 months from the undersigned date, Plaintiff would arguably be entitled to more than 27 months' worth of back pay and benefits. At the time his employment ended, Plaintiff was earning $207,080.21 annually and was provided with health benefits. (Complaint, ¶ 38; Tobias Decl., ¶ 5, Ex. D.) Therefore, Plaintiff's potential back pay award would be over $465,930.47 plus benefits. (Tobias Decl., ¶¶ 5-6.)

(b) **Front Pay.** While any award of front pay is highly speculative, courts that have awarded such damages in FEHA cases have held that a plaintiff could receive one year of front pay. *Horsford v. Board of Trustees of Calif. State Univ.*

(2005) 132 Cal.App.4th 359, 388-89. Therefore, Plaintiff could potentially recover another $207,080.21 in front pay alone. (Tobias Decl., ¶¶ 5, 7.)

(c) **Emotional Distress Damages:** Plaintiff also alleges emotional distress damages. (Compl. ¶¶ 59, 77, 91, 105, 124, 138, 151, 166, 181, 196, 209, 222.) A prevailing plaintiff in a wrongful termination action is entitled to seek damages for emotional distress. *See Gantt v. Sentry Insurance* (1992) 1 Cal. 4th 1083, 1098-1101 (overruled on other grounds by *Green v. Ralee Eng'g Co.* (1998) 19 Cal. 4th 66, 90). The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp*. (9th Cir. 2005) 432 F.3d 976, 980. A defendant may use damages awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech*. (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1033. Juries in California have awarded well in excess of $75,000 for emotional distress damages in discrimination and wrongful termination cases like this one. *See*, *e.g.*, *Bradley v. Department of Corrections & Rehabilitation* (2008) 158 Cal.App.4th 1612, 1618 (awarding a single plaintiff $300,000 in non-economic damages for harassment claim); *Roby v. McKesson* (2009) 47 Cal.4th 686, 699 (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination, later reduced by stipulation to $800,000, as well as an additional $600,000 in non-economic damages for harassment). Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages alone.

(d) **Punitive Damages**: Plaintiff also seeks punitive damages. (Compl. ¶¶ 61, 79, 93, 107, 126, 140, 153, 168, 183, 198, 211, 224, Prayer, ¶ b.) Punitive damages are recoverable under FEHA and in wrongful termination actions. *See* Cal. Civ. Code, § 3294; *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal. 3d 167, 176. Punitive damages should be considered when determining the amount in

controversy. *See Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945-46; *Anthony v. Security Pac. Fin'l Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315 (noting punitive damages are factored into amount in controversy if they are recoverable under state law); *Simmons*, 209 F.Supp.2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Weeks v. Baker & McKenzie* (1998) 63 Cal. App. 4th 1128, 1147-48. A conservative estimate for a punitive damages recovery is $50,000.

(e) **Attorneys' Fees:** Under the FEHA, Plaintiff has also demanded attorneys' fees. (Compl. ¶¶ 63, 81, 95, 109, 121, 229, Prayer, ¶ c.) Attorneys' fees may be awarded to a prevailing plaintiff in a FEHA action. *See* Cal. Gov't Code, § 12965(b); *see also Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56 (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation). This includes all attorney's fees ***likely to be incurred through trial of an action***. *See Fritsch v. Swift Transp. Co. of Ariz.* (9th Cir. 2018) 899 F.3d 785, 794 ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy. Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect."). One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC* (C.D. Cal., Mar. 3, 2015) 2015 U.S. Dist. Lexis 25921 at *12. Those assumptions would lead to an attorneys' fee award of between $30,000 and $90,000. *Id.* If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

17. Defendant's counsel has defended numerous claims for alleged harassment, discrimination, retaliation, and wrongful termination against corporate employers. (Tobias Decl., ¶ 8.) Defendant's counsel has tried eight (8) employment-related actions (bench and jury trials in single and multiple plaintiff class actions) in California and is familiar with damages claims made by plaintiffs and awarded by juries in California and with claims and awards for attorneys' fees. (*Id.*) Based on that experience, counsel understands that a typical plaintiff in such an action regularly seeks more than $75,000, particularly when attorneys' fees are taken into account. (*Id.*)

18. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, which includes his claims for economic and non-economic damages, as well as attorneys' fees and costs, significantly exceeds $75,000. *See White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 675 ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees demonstrated that the amount in controversy exceeded $75,000"). Therefore, removal is appropriate and proper.

## III. THIS REMOVAL NOTICE IS PROCEDURALLY PROPER

19. **The Removal Venue Is Proper**. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2). This action originally was brought within a county encompassed by the Northern District of California—the Superior Court of the State of California, County of Sonoma.

20. **The Removal is Timely**. Plaintiff served his Complaint on Defendant on June 8, 2026. Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Defendant has filed this Notice of Removal within the time permitted for removal of complaints because this matter only became removable on June 8, 2026, and this removal occurred within 30 days of that date.

21. **Defendant Has Sufficient Consent**. Defendant is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See Newcombe v. Adolf Coors Co.* (9th Cir. 1998) 157 F.3d 686, 690-91; 28 U.S.C. § 1441(a). In any event, no Doe Defendant has been served. Defendant is not required to obtain consent to remove defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n* (9th Cir. 1984) 731 F.2d 1423, 1429 (superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant* (9th Cir. 1988) 861 F.2d 1389, 1392). Therefore, Defendant has sufficient consent to remove the state court action.

## IV. NOTICE OF REMOVAL TO PLAINTIFF AND THE STATE COURT

22. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be served upon counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Sonoma, as required by 28 U.S.C. § 1446(d).

## V. CONCLUSION

23. For all the reasons identified above, Defendant respectfully requests that this Court proceed with this matter as if the case had been originally filed in the U.S. District Court for the Northern District of California.

Dated: July 7, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *_/s/ Matthew Tobias_*
MATTHEW A. TOBIAS
WHITNEY WILLIAMS

Attorneys for NIKE, INC.