Michael Shklovsky, Esq. (Bar No. 255893)
Tad Shapiro, Esq. (Bar No. 96179)
Tal Segev, Esq. (Bar No. 346482)
Brian Barboza, Esq. (Bar No. 257423)
ANDERSON ZEIGLER
A Professional Corporation
50 Old Courthouse Square, 5th Floor
Santa Rosa, CA 95404
Telephone: (707) 545-4910
Facsimile: (707) 544-0260

Attorneys for Plaintiff Andrew LeMarQuand

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership Including Professional Corporations
MATTHEW A. TOBIAS, Cal Bar No. 271291
mtobias@sheppard.com
WHITNEY WILLIAMS, Cal Bar No. 335384
wwilliams@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

Attorneys for Defendant NIKE, Inc.

ANDERSON ZEIGLER
A PROFESSIONAL CORPORATION, ATTORNEYS AT LAW
P.O. BOX 1498, SANTA ROSA, CALIFORNIA 95402-1498
TEL (707) 545-4910 FAX (707) 544-0260

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ANDREW LEMARQUAND, an individual

Plaintiff,

vs.

NIKE, INC. an Oregon corporation, authorized to transact business in California, and DOES 1 through 50, inclusive,

Defendants.

Case No. 26-cv-06928-TLT

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

Date: October 8, 2026
Time: 2:00 PM
Place: U.S. Courthouse
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, California

District Judge: Hon. Tina L. Thompson

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, the Northern District Standing Order, and Judge Hon. Tina L. Thompson's Standing Order, the parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. Counsel for each of the parties held the Rule 26(f) conference telephonically on September 17, 2026. Participants in the conference were Michael Shklovsky, Tad Shapiro, and Brian Barboza for Plaintiff Andrew LeMarQuand ("Plaintiff"), and Whitney Williams for Defendant NIKE, Inc. ("Defendant"). (Defendant and Plaintiff are referred to collectively herein as the "Parties)

**1. Jurisdiction and Service**

This Court has diversity jurisdiction under 28 U.S.C. § 1332 and one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and plaintiff's alleged damages exceed the sum of $75,000 exclusive of interest and costs. There are no issues regarding personal jurisdiction or venue. All parties have been served.

**2. Statement of Facts**

**Brief Statement of Plaintiff's Alleged Facts:** Plaintiff served in the U.S. Military for two decades with multiple combat deployments to Afghanistan and Iraq. While serving in the military, Plaintiff suffered severe and permanent injuries. He was honorably discharged from the military and awarded a 100% Total and Permanent Disability rating by the Department of Veteran Affairs. Thereafter, on or about January 10, 2022, Plaintiff was employed by Defendant Nike, Inc. as a HR Director. At the time of employment, the COVID-19 public health emergency was ongoing. From the inception of employment Plaintiff's position with Defendant was 100% remote work. Plaintiff exclusively worked out of his home in Petaluma, California.

Defendant was aware and on notice that Plaintiff has serious physical disabilities. Defendant was aware and on notice of Plaintiff's need for accommodations such as: work exclusively as a remote employee from his home; Unable to sit/stand/walk/drive for periods longer than 30-45 minutes; Need for in-home aids and caretakers; Regular use of traction devices at home during work hours. Defendant

was aware that Plaintiff's on-camera appearances would be limited to 5-10 minutes. Despite the above stated limitations, and need for accommodations, Plaintiff successfully performed his job duties.

On March 27, 2022, Plaintiff's daughter was born. Despite Plaintiff's request for paternity leave Defendant denied the request and required him to participate in an onsite work event within 1-3 days from his daughter's birth. Plaintiff complied with the directive due to concerns with maintaining good standing with Nike, Inc. as well as fear of retribution. Of significant note, is other employees have been provided paternity leave by the Defendant.

Despite Plaintiff's physical limitations, Defendant ordered him to attend an in person work event in San Francisco, California, on March 15, 2023. Out of fear of upsetting his employer and retribution, Plaintiff complied with the demand. At the meeting Plaintiff raised his accommodation request with his supervisor who indicated that accommodations were not a right, but merely a privilege. While traveling home from the event Plaintiff lost control of his legs and bladder. He was forced to pull over on Highway 101 and wait hours for a family member to retrieve him. Plaintiff did not regain normal function for three weeks. Despite multiple reports of the incident to his employer, Defendant failed to document the workplace injury or respond to Plaintiff's inquiries.

On or about April 18-29, 2023, and again on or about May 2-5, 2023, Plaintiff was required to attend in-person Nike events in Beaverton, Oregon. The travel and long in-person days caused Plaintiff excruciating pain. Plaintiff was further chastised by his supervisor for not attending after-hour social events. His supervisor, Ms. Mensah, thereafter regularly used discriminatory language and made discriminatory statements about Plaintiff directly to Plaintiff as well as to other employees.

On or about June 18, 2023, more than three months after submitting his request for reasonable accommodations, Jennifer Mahoney from Nike's accommodations team questioned the necessity of the accommodations.  Plaintiff had to explain the discriminatory and disparate treatment he was receiving from his supervisors. It took more than four months, and sustained advocacy by Plaintiff, for Defendant to finally approve the request for reasonable accommodations.

During his time with Nike, Inc. Plaintiff had to endure relentless and continuing discriminatory, disparaging, harassing, and distressful comments and treatment from his supervisors. The

discriminatory and derogatory comments were made both directly to Plaintiff and about Plaintiff to other employees. Details of those incidences are set forth in the Complaint.

On or about October 13, 2023, given the pervasive and ongoing hostile work environment and failure to timely and reasonably accommodate his medically documented physical disabilities, Plaintiff filed a "speak-up" complaint with Nike, Inc. regarding disabled veteran discrimination, prompting an internal investigation. Shortly thereafter, on or about November 1, 2023, Defendant informed Plaintiff that his reasonable accommodations, approved on July 20, 2023, would no longer be honored. In complete disregard for his physical disabilities, Plaintiff was ordered to relocate from California to Oregon and work in the Beaverton, Oregon office four days per week, or face termination. This ultimatum was impossible to comply with given his medical conditions. Notably, a peer with the same job title, Jennifer Masamori, was allowed to remain in California and report to the San Francisco Office, rather than move to Oregon.

On or about November 3, 2023, Plaintiff reported Nike's discriminatory conduct to the U.S. Equal Opportunity Commission (EEOC), and the Office of Federal Contract Compliance Programs. In June 2024, Plaintiff received a performance rating of "successful" for the period of June 2023 through May 2024. In addition, Around January 2025, Plaintiff received a midyear review from Nike, Inc. which noted several accomplishments for the year and indicated no concerns with Plaintiff's performance.

On or around January 2025, another supervisor, Fazal Khan, told Plaintiff that he should relocate to Oregon to work at Nike Headquarters. Defendant explained that his physical disabilities prevented him from relocating. Mr. Khan abruptly ended the conversation. On or around January 2025, after three years of employment, Plaintiff verbally informed Defendant that he planned to utilize short-term disability due to a worsening of his physical condition and need to begin a different type of treatment. On or around February 10, 2025, Plaintiff initiated a request for protected short term disability leave. Defendant was placed on protected disability leave from February 12, 2025 through September 22, 2025.

During active employment, while preparing to take protected leave to treat a qualifying disability, Defendant issued a termination notice dated February 4, 2025. The notice, signed by Mr. Khan, stated Plaintiff was being terminated effective March 3, 2025, because Plaintiff failed to meet expectations for his position. Mr. Khan was not in Plaintiff's rating chain for performance. Additionally, neither Ms. Mensah nor Mr. Khan provided any verbal or written notification of work or performance related issues to Plaintiff that would warrant termination. On March 3, 2025, Defendant terminated Plaintiff's employment while Plaintiff was on approved disability leave.

**Brief Statement of Defendant's Factual Allegations:**

Defendant maintains that Plaintiff's claims have no merit and that each fail as a matter of law and fact. Defendant denies all of Plaintiff's allegations. Defendant denies that it discriminated or retaliated against, or harassed Plaintiff on the basis of disability, military status, or any other protected characteristic. Defendant denies that it failed to reasonably accommodate Plaintiff or that it failed to engage in the interactive process with Plaintiff. Defendant further denies that it inflicted emotional distress upon Plaintiff or that it failed to produce records to Plaintiff. Defendant denies that it wrongfully terminated Plaintiff. Defendant contends that Plaintiff's employment was terminated for legitimate, non-discriminatory, and non-retaliatory business reasons, including performance-related concerns. Defendant further contends that it engaged in the interactive process and provided reasonable accommodations to Plaintiff during his employment. Defendant denies that Plaintiff has been damaged in any way as a result of any conduct by Defendant. Defendant maintains that it acted lawfully at all times relevant to Plaintiff's claims.

**3. Legal Issues:**

**Plaintiff's Summary of Legal Issues:** Defendant violated California's Fair Employment and Housing Act (hereafter "FEHA") through its adverse employment actions of treating Plaintiff differently, disparately, negatively, and ultimately terminating his employment, because of his physical disabilities and other protected characteristics under FEHA. Defendant further violated FEHA by

creating a hostile work environment and harassed Plaintiff because of his physical disability and other protected characteristics. Defendant further violated FEHA by failing to investigate, properly investigate, prevent, or remedy the ongoing discrimination and harassment that was based on Plaintiff's disabilities. Plaintiff further claims Defendant retaliated against him for exercising his right to report and protest Nike's discriminatory and unlawful actions, subjecting him to further adverse and unlawful treatment including termination.

Plaintiff claims he was wrongfully terminated in that his disabilities or other protected characteristics, and or protected activities were substantial motivating reasons for his termination, in violation of public policy. Defendant failed to provide reasonable accommodations. Defendant failed to participate or meaningfully participate in a timely interactive process to determine whether reasonable accommodations could be made. Plaintiff's past military service was a substantial motivating reason for Defendant to terminate Plaintiff's employment. Defendant's blatant violations of FEHA, the Labor Code, the Military and Veterans Code, public policy, and Professions Code, were intended to cause, and actually did cause, and continue to cause Plaintiff severe emotional distress. In the alternative, Plaintiff has further claimed negligent infliction of emotional distress.

**<u>Defendant's Summary of Legal Issues:</u>**

Without addressing all of the legal issues in the action and all of the disputed points of law, Defendant contends that the principal legal issues in the action are (1) whether Defendant discriminated against Plaintiff on the basis of disability in violation of California Government Code § 12940(a); (2) whether Defendant harassed Plaintiff or maintained a hostile work environment in violation of Government Code §§ 12923 and 12940(j); (3) whether Defendant retaliated against Plaintiff for engaging in protected activity in violation of Government Code § 12940(h) and Labor Code § 1102.5; (4) whether Defendant failed to provide reasonable accommodations or engage in the interactive process in violation of Government Code §§ 12940(m) and (n); (5) whether Defendant discriminated against Plaintiff on the basis of his military service in violation of Military and Veterans

Code § 394; and (6) whether Plaintiff's termination violated public policy. Defendant denies that it is liable on any of Plaintiff's claims.

**4. Motions**

There are no prior motions in this matter. Plaintiff anticipates filing motions for summary judgment, summary adjudication, and/or other necessary issue dispositive motions. Defendant anticipates filing a motion for summary judgment or summary judgment adjudication.

**5. Amendment of Pleadings**

The Parties do not anticipate any amendments to the pleadings at this time, but the parties reserve the right to amend pleadings should new facts arise through discovery. Plaintiff and / or Defendant may amend the pleadings, depending on what is learned during fact discovery.

**6. Evidence Preservation**

Counsel for the Parties have instructed their clients to preserve all evidence that can reasonably be deemed relevant to this action. The Parties have been instructed by counsel not to destroy any relevant documentary evidence as well as electronically stored information, including but not limited to, e-mails, voicemails, text messages, messages on platforms such as zoom and teams etc.

**7. Disclosures**

The Parties have not yet made their initial disclosures. Initial disclosures will be made within the required deadline.

**8. Discovery**

To date, no formal discovery has been taken by either party. The Parties have no modifications to propose to the discovery rules set forth in the Federal Rules of Civil Procedure. Discovery shall be in conformance with relevant provisions in the FRCP pertaining to discovery.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There are no related cases.

**11. Relief**

**Plaintiff's Statement of Relief:** Plaintiff seeks general and special damages in excess of $5,000,000.00. Plaintiff seeks economic damages. Plaintiff had an annual salary of $185,000.00, bonus opportunities, and stock awards. Plaintiff seeks future wage loss, bonus loss, and stock awards loss in an amount according to proof.

Plaintiff also seeks non-economic damages for such things as emotional distress, humiliation, and embarrassment. The extent and amount of emotional distress damages will be proven at trial.

Plaintiff seeks exemplary and punitive damages in an amount to be proven at trial. Plaintiff seeks pre-judgment and post-judgment interest. Plaintiff seeks statutory penalties. In addition, Plaintiff seeks reasonable attorney's fees and costs of suit incurred.

**Defendant's Statement of Relief:** Defendant disputes each and every claim of damages alleged and demanded by Plaintiff. Defendant denies that Plaintiff is entitled to any relief whatsoever and denies that Plaintiff was damaged in any way as a result of any conduct by Defendant.

**12. Settlement and ADR**

The Parties have preliminarily discussed the possibility of settlement. The Parties are not averse to continuing settlement discussions. The Parties, at the Rule 26(f) conference, discussed the various forms of alternative dispute resolution. While Plaintiff would prefer to participate in private mediation as the alternative dispute resolution option, at this time Defendant would prefer the Northern District of California's Court-appointed mediation process as the alternative dispute resolution option. Defendant may be amenable to private mediation at a later date. No mediators or mediation dates have been elected at this time. The Parties believe that taking the depositions of key witnesses and exchanging material documents and electronically stored information will assist in the negotiation of a resolution.

**13. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The Parties believe that it is too early to narrow any of the legal issues in this action. Until meaningful discovery has been performed the Parties are unable to forecast whether the bifurcation of issues, claims, or defenses is practical or possible.

**15. Scheduling**

| | |
|---|---|
| Initial Disclosures | October 1, 2026 |
| General Discovery Cut-Off | April 9, 2027 |
| Expert Disclosure and Exchange of Initial Expert Reports | April 23, 2027 |
| Exchange of Rebuttal Expert Reports | May 24, 2027 |
| Expert Discovery Cut-Off | June 8, 2027 |
| Last Day to Hear Dispositive Motions – Motion Cut-Off | June 28, 2027 |
| Last Day to Meet and Confer Prior to Filing Final Joint Pre-Trial Conference Statement and Coordinate Submission of Trial Exhibits | September 6, 2027 |
| Final Pre-Trial Conference | September 23, 2027 |
| Trial | October 7, 2027 |

**16. Trial**

Plaintiff anticipates the trial will last three weeks. Defendant anticipates the trial will last approximately five to seven court days. Plaintiff has requested a jury trial.

**17. Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed his Certificate of Interested Entities and Persons required by Civil Local Rule 3-15. (Dkt. 18.) As stated in the Certificate, pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest, other than the named parties, to report.

Defendant filed its Certification of Interested Entities or Persons required by Civil Local Rule 3-15. (Dkt. 3.) As stated in its Certification the following parties have a pecuniary interest in the outcome of the case: (1) Plaintiff Andrew LeMarQuand; and (2) Defendant NIKE, Inc.

**18. Professional Conduct**

Attorneys for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 1, 2026

ANDERSON ZEIGLER

By: /S/ Michael Shklovsky
Michael Shklovsky
Attorneys for Plaintiff
ANDREW LEMARQUAND

Dated: October 1, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /S/ Whitney Williams
Matthew A. Tobias
Whitney Williams
Attorneys for Defendant
NIKE, Inc.

ATTESTATION

I Brian A. Barboza attest that each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

/S/ Brian A. Barboza
Brian A. Barboza
Attorney for Plaintiff

## CASE MANAGEMENT ORDER

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.**

**In addition, the Court orders:**

__________________________________________________

__________________________________________________

__________________________________________________

__________________________________________________

**Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this action**

Dated:

____________________________________
TRINA L. THOMPSON
United States District Court Judge